The Life Association of America and John F. Williams, Superintendent, v. F. M. Goode.

(No. 1238.)

Corporation — Dissolution of — Same created by another state.— In suit against dissolved non-resident corporation, the petition should show facts under the laws of the other state, the judicial decree, the receiver and his authority, joining him in the suit.

Appeal from Grayson county. Opinion by Walker, J.

Statement.— Plaintiff, F. M. Goode, is a resident of Grayson county, Texas. Defendant, the Life Association of America, was a corporation, organized under the laws of the state of Missouri, for the purpose of carrying on a life insurance business, and having its domicile in the city of St. Louis, in said state. Plaintiff's amended original petition, filed February 25, 1881, alleges, in substance, that his original petition was filed on the 1st day of March, 1879; that, at various times between September 30, 1872, and April, 1875, he had paid the association sums of money aggregating the sum of $1,630; that, in consideration of such payments, the association, on the 30th of September, 1872, issued and delivered to plaintiff its policy of insurance, insuring his life in the sum of $10,000; that prior to and at the time of entering into said contract of insurance, and at the time of the several payments made thereon by plaintiff, the agents of the association falsely represented to plaintiff that the association was solvent and responsible, was making money and had a large capital and surplus, when in fact, as said agent well knew, the association was

insolvent, was doing a losing business and had no such capital as represented; that plaintiff was induced by said representations to take said insurance and pay said money; that on December 31, 1877, the association represented to plaintiff that it was about to discontinue its business and wind up its affairs in 1878, and demanded of plaintiff that he surrender his policy and accept in lieu thereof a paid-up policy for the sum of $1,250; that plaintiff surrendered his old policy and received instead a paid-up policy on his life for $1,250, on the fortition plan, payable to his wife, for the benefit of herself and the children of plaintiff according to its terms.

That the consideration for which the fortition policy was issued was the money paid by plaintiff on the $10,000 policy.

That the agents of the association at the time they issued the fortition policy knew that the association was insolvent, and that on the 10th of November the association was adjudged insolvent and its officers enjoined from conducting said business, and prays for a judgment for said money and for a foreclosure of an attachment lien on certain attached real estate in Grayson county formerly owned by the association, and upon which an attachment issued in the case was levied on 25th of February, 1881.

An agreement was filed to the effect that by the appearance of the corporation its existence should not be held to be admitted, and that it might make any defense it could have made if regularly served with citation.

Finley & Pasco appeared for the association, and after general and special demurrer pleaded the dissolution of the corporation, filed a general denial and a special plea alleging that on the 10th of November, 1879, the said corporation was dissolved by a decree of the circuit court of the city of St. Louis, state of Missouri, and all property, whether in the state of Missouri or elsewhere, including property attached in this suit, was conveyed to and vested in Wm. S. Relfe as superintendent of insurance of state of Missouri and his successors in office, to hold and dispose of for the

use and benefit of the creditors and policy-holders of the association as provided by the laws of Missouri, and that said transfer of all property was made long before the suing out of the attachment in this suit.

Plaintiff excepted to this plea in abatement and special answer, which was sustained.

On April 20, 1881, John F. Williams made himself a party and filed an answer alleging that he was the successor of Wm. S. Relfe as superintendent of insurance; was vested with legal powers, etc.; demurred generally and specially, which was sustained by the court, when plaintiff filed a trial amendment; trial was had, resulting in a verdict for plaintiff for $2,425.97. Plaintiff remitted all in excess of $2,000, for which judgment was rendered, with a foreclosure of attachment lien. Motion for a new trial overruled and defendants appealed.

First assignment of error: The court erred in sustaining the demurrer to defendants' answer. The defendants' corporation having been dissolved, no judgment could be rendered against it. First proposition, first assignment of error: The dissolution of the corporation abated the suit.

OPINION.— The effect of the dissolution of a private corporation by decree of a court of competent authority, having jurisdiction over the same, is to extinguish and annul thenceforth its corporate powers; and the sovereign power which had brought it into existence by giving it an artificial personality, thereby, through its judicial mandates, terminates that existence by the withdrawal of all its franchises. See 2 Wait's Act. & Def., 350; Ang. & Ames on Corp., secs. 638, 799; National Bank *v.* Colby, 21 Wall. (U. S.), 615.

Our statutes regulating the dissolution of corporations refer alone to such corporations as are or shall be "created by or under the laws of this state." R. S., arts. 606–608. Under the legislation in our state as it exists it seems to follow from the application of the rules of law governing

the subject of the right of a resident citizen of Texas to sue in this state a corporation which owes its existence to the laws of another state, and has been legally dissolved with a forfeiture of its rights and franchises, that after such dissolution a suit could not be brought against such extinct corporation, or, if pending, could no longer be maintained in the courts of this state.

It was admitted by the parties on the trial that the decree of the St. Louis circuit court was authorized by the laws of the state of Missouri.

The plaintiff clearly could no further proceed in his suit after the circuit court decree unless by making the receiver a party; and when the plea in abatement was interposed it became necessary that the plaintiff should proceed to lay the basis for a continuation of his suit by a recognition of the altered *status* of his rights since he began his suit, by making the receiver a defendant. He not having done so, Williams' plea in abatement of the suit ought to have been sustained.

REVERSED AND REMANDED.